CALOGERO, Chief Justice
dissents and assigns reasons.
I dissent from the majority’s decision to deny the defendant’s writ application in this case. As expressed in State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198, determination of whether a district attorney abused his power to enter a nolle prosequi then reinstate charges in response to a district court’s denial of his motion for continuance should be based on three primary considerations: (1) the discretion of the district court, (2) the grounds stated by the State for seeking the continuance, and (3) prejudice to the defendant.
Concerning the first factor listed above, the district court’s decision to grant the defendant’s motion to quash is obviously based on its finding that the State abused its power to enter a nolle prosequi and to reinstate charges when it denied his motion to continue. The district court’s exercise of discretion to grant the motion to quash is entitled to great deference, and should be upheld in the absence of evidence that he abused that discretion.
No such abuse is present in this case. Concerning the second factor listed above, the grounds for continuance stated by the State were not so compelling as to automatically entitle the State to a continuance. The documents presented to this court indicate that the State’s motion to continue was based on its desire to analyze handwriting exemplars taken from the defendant. However, the documents also indicate that the State failed to show that it was unable to subpoena and analyze the handwriting exemplars before the scheduled trial date.
Concerning the third factor, the defendant’s application does not demonstrate that he suffered actual prejudice as a result of the district attorney’s actions. Nevertheless, the State has also failed to show that the district court’s decision constituted an abuse of his great discretion. Accordingly, I would grant the defendant’s writ application and reinstate the district court’s decision to quash the defendant’s indictment.